[Cite as *Yellow Book Sales & Distrib. Co., Inc. v. TK Plumbing Servs., Inc.*, 2011-Ohio-2518.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95211

## YELLOW BOOK SALES & DISTRIBUTING COMPANY, INC.

PLAINTIFF-APPELLEE

vs.

## TK PLUMBING SERVICES, INC., ET AL.

DEFENDANTS-APPELLANTS

JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-677274


**BEFORE:** E. Gallagher, J., Blackmon, P.J., and Boyle, J.


**RELEASED AND JOURNALIZED:** May 26, 2011


**ATTORNEYS FOR APPELLANTS**

Sonja M. Siebert
Kirk Stewart
Stewart & Siebert, LLP
Ohio Savings Building
20133 Farnsleigh Road
Shaker Heights, Ohio    44122


**ATTORNEYS FOR APPELLEE**

Mark J. Sheriff
Dale D. Cook
Wiles, Boyle, Burkholder, Bringardner Co.
300 Spruce Street
Floor One
Columbus, Ohio    43215-1173

EILEEN A. GALLAGHER, J.:

**{¶ 1}** Appellants, TK Plumbing Services, Inc. and Terry Kordiac, appeal the judgment entered against them in the Cuyahoga County Common Pleas Court on May 24, 2010 granting summary judgment in favor of plaintiff-appellee, Yellow Book Sales & Distribution Company, Inc. ("Yellow Book") and against appellants. Appellants argue that the trial court erred when it failed to find the subject contract between the parties to be ambiguous for the purpose of admitting parol evidence, that the court erred by failing to find the personal guaranty in the contract to be unconscionable, and that the trial court improperly relied on an illegible contract.

**{¶ 2}** This case arises from an advertising contract entered into between A-AA Minuteman, an Ohio corporation, and Yellow Book on November 10, 2006. Terry Kordiac was the president of A-AA Minuteman and signed the contract personally. The contract called for monthly payments of $3,810 for twelve (12) months.

**{¶ 3}** A-AA Minuteman changed its corporate name to TK Plumbing, Inc. and sold the name A-AA Minuteman, along with its related phone

number, on April 26, 2007. A review of the asset purchase agreement for this sale reveals that the liability for the Yellow Book contract was not transferred as part of the sale. That contract remained with TK Plumbing Services, Inc.

{¶ 4} Yellow Book received an initial deposit of $3,810 under the contract and brought the present action against TK Plumbing Services, Inc. and Terry Kordiac for the outstanding balance. The only issue on appeal is whether appellant Terry Kordiac was properly held to be personally liable for payments under the contract. Appellants offer no arguments that summary judgment was inappropriate as to TK Plumbing Services, Inc.

{¶ 5} We find appellant's third assignment of error to be dispositive of the present appeal and thus address it out of order. In his third assignment of error, appellant argues that the trial court improperly relied on an illegible contract in granting summary judgment.

{¶ 6} Our review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party

being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 696 N.E.2d 201. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶ 7} The copy of the contract between the parties presented to the trial court contains fine print language underneath the individual signature line bearing appellant's signature. Due to the poor condition of the copy of the contract presented to the trial court, it is impossible to decipher the language beneath the individual signature line. As the entire dispute between the parties concerns in what capacity appellant signed the contract, the illegible language beneath this line is crucial to resolving this conflict. Based on the unique facts of this case, we conclude that the highly relevant and completely illegible language beneath the individual signature line presented a genuine issue of material fact such that summary judgment was inappropriate in this instance.

{¶ 8} Appellant's third assignment of error is well taken. Appellant's remaining assignments of error are moot. The judgment of the trial court is

reversed as to appellant Terry Kordiac only, and the case is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that Terry Kordiac recover of appellee costs herein taxed.

This court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

PATRICIA A. BLACKMON, P.J., and
MARY J. BOYLE, J., CONCUR